## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

**CEDRICK O. DUNN,**

Plaintiff,

vs.

**DENVER POLICE DEPARTMENT OFFICERS ANGELISSIA JONES, ERNEST SANDOVAL, BRANDON MORALES, and PAUL JOHNSON, Individually and Severally, DENVER POLICE DEPARTMENT, and CITY AND COUNTY OF DENVER,**

Defendants.

---

## COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983

---

**COMES NOW** Cedrick O. Dunn, by and through and undersigned counsel, the Law Offices of Douglas L. Romero, Colorado Christian Defense Counsel, and for its Complaint in this matter, shows the Court the following:

### PARTIES

1.      Plaintiff Cedrick O. Dunn (Dunn) is a 26 year old African-American male who resides at 5549 Flanders Way, Denver, Colorado 80249 and he was enlisted and active duty with the United States Navy at a rank of E5.

2.      At all times relevant herein, Defendants Denver Police Officers Brandon Morales, Paul Johnson, Ernest Sandoval and Angelissia Jones are White police officers with the Defendant Denver Police Department, acting in their official capacity and within the course and scope of their employment and acting under color of law.

3.      At all times relevant herein, Defendant Denver Police Department is a department and agency of the Defendant City and County of Denver.

4.      At all times relevant herein, Defendant City and County of Denver is a municipality in the State of Colorado.

1

## JURISDICTION AND VENUE

5.      This action arises under the United States Constitution and Federal law under 28 U.S.C. §§ 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. § 1961-1968. This court has jurisdiction:

a.      Over Plaintiff's claims relating arising under the United States Constitution and federal law pursuant to Title 42 U.S.C. § 1983;

b.      Over Plaintiff's prayer for preliminary and permanent injunctive relief and damages under F.R.C.P. 65(a);

c.      Over the subject matter of the state law causes of action through supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), Fed.R.Civ.P.18(a), and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966);

d.      To award attorney's fees pursuant to Title 42 U.S.C. § 1988.

6.      Venue is proper in the United States District Court for the District of Colorado because this claim arose herein. Each and all of acts alleged herein were done by the Defendants under the color and pretense of state law, statutes, ordinances, regulations, and customs.

## GENERAL ALLEGATIONS

7.      On or about 9:30 pm, January 27, 2008, Plaintiff Cedrick Dunn was at his home located at 5549 Flander Way, Denver, CO 80249. Plaintiff 's wife Fekerete Abebe  was intoxicated and argued with Plaintiff and dialed 911 but she did not leave a message.

8.      Defendant Denver Police Department responded to Plaintiff's home with four (4) Denver Police Department Officers. Arriving on the scene were Defendants Brandon Morales, Paul Johnson, Ernest Sandoval and Angelissia Jones.

9.      Defendant Ernest Sandoval approached Plaintiff 's wife Fekerete Abebe, who was standing in the garage and she told him that Plaintiff had strangled her and struck her.

10.      All four (4) Defendants Denver Police Department Officers approached Plaintiff who was standing in his doorway and requested that he to come outside of the house; however, Plaintiff declined the police request stating "I can talk from here."

2

11.     Plaintiff's aunt went to get Plaintiff's wife from the garage and Plaintiff turned to look toward the garage and away from the Defendant Denver Police Department Officers when Defendant Denver Police Department Officer Angelissia Jones grabbed Plaintiff's arm pulling him toward her. Plaintiff fell on top of Defendant Jones and both of them tumbling to the ground.

12.     As Plaintiff was falling to the ground and on top of Defendant Jones, Plaintiff's hand accidently slipped onto her service revolver because he needed something for support, at which point, Defendant Jones shouted "the guy has my gun!"

13.     While Plaintiff was lying face down on the ground, all four (4) Defendant Denver Police Department Officers proceeded to strike, beat and kick Plaintiff repeatedly about the head, neck, torso and legs. Said beating was observed by Plaintiff's aunt and wife. Defendant Denver Police Department Officers then handcuffed Plaintiff and transported him to jail.

14.     Although never an immediate threat, Plaintiff was brutalized by Defendants and suffered serious injuries for which Defendants refused to treat Plaintiff. Defendants Denver Police Officers Brandon Morales, Paul Johnson, Ernest Sandoval and Angelissia Jones, all used excessive force, under the circumstances, which resulted in severe and life threatening injuries to Plaintiff. These acts were intentionally, knowingly, recklessly, willfully, wantonly, and maliciously  done by the Defendants and represented the official custom, practice or the policy of the City and County of Denver, through the officers of its Police Department, acting under color of law.

15.     Defendants filed a false police report against Plaintiff and he was charged with two counts –Count 1: Criminal Attempt to Commit Disarming a Peace Officer, in violation of § § 18-8-116, and 18-2-101 C.R.S., a Felony 6 charge and Count 2: Assault in the Third Degree, in violation of § 18-3-204 C.R.S., a Misdemeanor. (See General Sessions Summons and Complaint dated January 28, 2008, attached and marked as Exhibit A)

16.     Plaintiff went to trial and the felony charge was dismissed and Plaintiff was convicted of the misdemeanor and he received a sentence of work release with one (1) year of probation. (See People v. Dunn, Case No. 08CR00445, attached and marked as Exhibit B)

17.     At the time of the alleged incident, Plaintiff was an enlisted seaman and he was active duty with the United States Navy at a rank of E5; however, because of the material misrepresentations made by Defendants which resulted in a felony prosecution, Plaintiff received a General Discharge without notice and hearing and was denied due process of law causing him to lose his career in the United States Navy.

## FIRST CLAIM FOR RELIEF
### (Against Defendant Police Officers Brandon Morales, Paul Johnson, Ernest Sandoval and Angelissia Jones, Pursuant to 42 U.S.C. § 1983)

18.    Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

19.    The White Defendant police officers arrived on the scene and without exigent circumstances, and without probable cause, used excessive force to arrest the African-American Plaintiff which resulted in serious injuries to the Plaintiff.

20.    The acts and omissions of the White officers constituted deliberate indifference and deprived the African-American Plaintiff of the following rights and freedoms guaranteed by the Constitution of the Untied States, and made actionable pursuant to 42 U.S.C. § 1983:

a.    The right to be secure in his person against unreasonable seizure, is guaranteed by the Fourth Amendment;

b.    The right not to be deprived of his liberty without due process of law, as guaranteed by the Fifth Amendment, and

c.    The right not to have cruel and unusual punishment inflicted, as guaranteed by the Eighth Amendment.

21.    As a direct and proximate result of the above deliberate indifference and violations of constitutional rights, together with the objectively unreasonable use of force, the African-American Plaintiff suffered personal and economic damages and injuries, including intentional infliction of emotional distress and post traumatic stress disorder, impairment of the quality of life, loss of future income and loss of his career in the United States Navy in an amount to be proven at trial.

22.    As a result of the above and foregoing, Plaintiff seeks an award of compensatory, and special damages, attorney's fees pursuant to 42 U.S.C. § 1988, costs, expert witness fees, and legal interest from the date of the Defendant's actions and omissions.

## SECOND CLAIM FOR RELIEF
### (*Monell* Claim against the City and County of Denver Pursuant to 42 U.S.C. § 1983)

23.    Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

24.    The deprivation of constitutional rights, as above alleged, occurred as a result of, during, or as a consequence of the execution of the policies, customs, or usages of the City and County of Denver, representing a deliberate or conscious choice by the defendant municipality adopted or maintained in deliberate indifference to the rights and interests of its citizens, including deliberate indifference to citizens' health and/or safety, and which ratify unlawful acts and omissions by its officers.

25.    These policies, customs, or usages of the defendant City and County of Denver deprived the decedent of his rights, security, and liberties guaranteed to him by the Constitution of the United States, made actionable pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 E. Ed.2d 611 (1978) as elsewhere enumerated in this Complaint.

26.    The policies, customs and usages of the City and County of Denver constituted deliberate indifference and deprived plaintiff of the following rights and freedoms guaranteed by the Constitution of the United States, and made actionable pursuant to 42 U.S.C. § 1983:

a.    The right to be secure, in his person and house, against unreasonable seizure, as guaranteed by the Fourth Amendment;
b.    The right not to be deprived of his liberty without due process of law; as guaranteed by the Fifth Amendment; and
c.    The right not to have cruel and unusual punishment inflicted, as guaranteed by the Eighth Amendment.

27.    As a direct and proximate result of the above deliberate indifference and violations of constitutional rights the African-American Plaintiff has suffered actual physical, emotional and economic injuries in an amount to be proven at trial.

28.    As a result of the above and foregoing, Plaintiff seeks an award of compensatory, and special damages, attorney's fees pursuant to 42 U.S.C. § 1988, costs, expert witness fees, legal interest from the date of the officers actions and omissions.

5

WHEREFORE, Plaintiff prays for an entry of judgment in its favor and against the Defendants, both jointly and severally, in an amount to be determined at trial, prejudgment interest, attorney's fees, costs, together with such other relief as this court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (Constitutional Failure to Train and/or Supervise against the City and County of Denver, through other John Doe Defendants, pursuant to 42 U.S.C. § 1983)

29.     Plaintiff incorporates by this reference all other paragraphs of this Complaint, as if those allegations were fully set forth herein.

30.     The Chief of Police of the City and County of Denver is a policy maker for the Police Department and, in that capacity, establishes policies, procedures, customs and/or practices for its police officers.

31.     The John Doe officers, under the oversight of the Chief of Police, are responsible for the training and supervision of officers of the Denver Police Department including but not limited to Defendant Denver Police Officers Brandon Morales, Paul Johnson, Ernest Sandoval and Angelissia Jones.

32.     The policies, procedures, customs and/or practices established by the Chief of Police and imparted by the John Doe supervising officers are implemented by officers of the Denver Police Department.

33.     The Chief of Police of the City and County of Denver developed and maintained policies, procedures, customs and practices exhibiting a deliberate indifference to the constitutional rights of persons in the City and County of Denver, which caused the violation of the Plaintiff's constitutional rights, as set forth above.

34.     The John Doe supervising officers failed to adequately train and supervise officers of the Denver Police Department with respect to the use of force and filing a false police report, which failure caused the violation of Plaintiff's constitutional rights as set forth above and loss of career in the United States Navy.

35.     Defendants and the City and County of Denver were aware of the lack of training given to officers in the Denver Police Department in detailing with minority members of the public, to be free from constitutional violations committed as described in this Complaint.

36.     If any training was given to police officers regarding civil rights of minority members of the public, to be free from constitutional violations, the Defendants knew

that such training was reckless or grossly negligent and that further misconduct in that area was almost inevitable.

37.    The infliction of injuries and deprivation of constitutional rights to the Plaintiff occurred as a result of or as a consequence of the execution of the policies, procedures, customs or usages of the Defendant City, policies representing a deliberate or conscious choice by the Defendant City, adopted or maintained in deliberate indifference to the rights and interests of its citizens, and which ratify unlawful acts by its officers, including but not limited to the following policies, customs or usages concerning the use of excessive force and filing of false charges:

a.    A policy of providing inadequate training in the use of excessive force and filing of false charges against minorities through the failure to require constitutionally adequate training;

b.    A policy of non-prosecution and a tacit authorization of filing false police reports and the use of excessive force by its officers involved in incidents of excessive force leading to great bodily injury or death or in the present case the loss of African-American Plaintiff's career in the United States Navy;

c.    A policy, custom or usage of failure to discipline, sanction or discharge officers involved in filing false charges against minorities and unjustified beatings of minorities. The failure to terminate or even sanction or reprimand police officers resulting in the practical and legal effect of ratification by the Defendant City, endorsing the irresponsible filing of false charges and use of force and harassment against minorities as part of a tacit City policy of condoning such irresponsibility and racial discrimination;

d.    A policy of condoning and permitting the exercise of excessive force by police officers against minorities, filing false charges against minorities and a policy of racial discrimination and harassment of minorities, regardless of the circumstances;

e.    A "cover-up" policy following police beatings of minorities and filing false charges against minorities and harassment of minorities; and

f.    A failure to follow up and discipline officers who have been found responsible in excessive force situations against minorities and harassing and a pattern of filing false charges against minorities and racial discrimination.

38.    Defendants had a statutorily imposed duty to protect the constitutional rights of the members of the public, including minorities, from violations of those rights by members of the Police Department. By failing to properly train such officers, including Defendants Brandon Morales, Paul Johnson, Ernest Sandoval and Angelissia Jones, these Defendants violated the African-American Plaintiff's constitutional rights.

7

39.    The direct result of Defendants' failure to train was the violation of Plaintiff's rights, as previously described herein, resulting in Plaintiff's pain and suffering.

WHEREFORE, Plaintiff prays for:

a.    Compensatory damages in an amount sufficient to compensate for losses described in this Complaint;
b.    Punitive damages against the individual Defendants;
c.    Interest, both pre-judgment and post-judgment, as allowed by law;
d.    Attorney's fees and costs, pursuant to 42 U.S.C. § 1988; and
e.    Such other and further relief as this court deems just and proper.

**WHEREFORE,** based upon the foregoing, Plaintiff Cedrick O. Dunn demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $2,500,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**Dated:** October 8, 2008

**PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**LAW OFFICES OF DOUGLAS L. ROMERO,**
**COLORADO CHRISTIAN DEFENSE COUNSEL**

By: /s/ Douglas L. Romero
Douglas L. Romero
Attorneys for Plaintiff
200 South Sheridan Blvd., Suite 150
Denver, Colorado 80202
Telephone: (303) 934-7500

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of October 2008; I caused the foregoing
**COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983** to be placed in the United
States Mail, postage prepaid addressed to the following:

Mayor John W. Hickenlooper
City and County Building
1437 Bannock Street, Suite 350
Denver, CO 80202

Officer Brandon Morales
Denver Police Department
1331 Cherokee St., Room 504
Denver, CO 80204
*Defendant*

Officer Paul Johnson
Denver Police Department
1331 Cherokee St., Room 504
Denver, CO 80204
*Defendant*

Officer Ernest Sandoval
Denver Police Department
1331 Cherokee St., Room 504
Denver, CO 80204
*Defendant*

Officer Angelissia Jones
Denver Police Department
1331 Cherokee St., Room 504
Denver, CO 80204
*Defendant*

Denver City Attorney's Office
1437 Bannock Street, Room 353
Denver, CO 80202

Denver City Attorney Litigation Dept.
201 W. Colfax Ave., Dept. 1108
Denver, CO 80202
*Defendant*

9

State of Colorado Attorney General's Office
1525 Sherman Street
 Denver, CO 80203


/s/ Maria Soria__
Maria Soria